IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TELLY ROYSTER** | : | |
| | : | |
| v. | : | **CIVIL ACTION NO. 19-2126** |
| | : | |
| **LAWRENCE MAHALLY et al.** | : | |

| | |
|---|---|
| **McHUGH, J.** | **April 1, 2024** |

**MEMORANDUM**

Telly Royster is serving a life sentence of imprisonment for a first-degree murder conviction in Pennsylvania state court. More than ten years after his conviction became "final," Mr. Royster filed a petition for a writ of habeas corpus in this Court under 28 U.S.C. § 2254. The late Judge Edward Smith denied Mr. Royster's petition as untimely under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Mr. Royster now moves for relief from Judge Smith's dismissal under Federal Rule of Civil Procedure 60(b). After a careful review of Mr. Royster's motion, Judge Smith's memorandum and order, and Magistrate Judge Timothy Rice's report and recommendation, I find no basis to justify relief and must deny Mr. Royster's motion.

**I.     Procedural Background**

Petitioner Royster was convicted of first-degree murder and several other charges after a jury trial in 2000. Docket, *Commonwealth v. Royster*, No. CP-51-CR-903181-1999 (Philadelphia Cnty. Ct. Common Pleas) ["CCP Docket"].[1] Mr. Royster appealed the verdict, and his direct appeal was dismissed in 2003. *Commonwealth v. Royster*, 829 A.2d 364 (Pa. Super. Ct. 2003). He then filed a petition under the Pennsylvania Post Conviction Relief Act (PCRA), which the PCRA court dismissed in 2005. *See* CCP Docket; *Commonwealth v. Royster*, No. 1906 EDA

---

[1] Available at https://ujsportal.pacourts.us/Report/CpDocketSheet?docketNumber=CP-51-CR-0903181-1999&dnh=usMOVzMWKfw6lgGzZEC%2BiA%3D%3D.

2016, 2017 WL 4150580, at *1 (Pa. Super. Ct. Sept. 19, 2017).  The Pennsylvania Superior Court affirmed the PCRA dismissal the following year.  *Commonwealth v. Royster*, 898 A.2d 1133 (Pa. Super. Ct. 2006).  Mr. Royster did not seek further review by the Pennsylvania Supreme Court on either his direct appeal or his PCRA petition.  *Royster*, 2017 WL 4150580, at *1.

About a decade later, in January 2015, Mr. Royster filed a second PCRA petition.  CCP Docket.  Although he acknowledged that this petition was untimely, Mr. Royster argued that he had recently discovered new evidence about his trial counsel's ineffectiveness in the form of a newspaper article describing his trial counsel's "struggle with mental illness" and suspension from practicing law.  *Royster*, 2017 WL 4150580, at *1.  The PCRA court appointed counsel to Mr. Royster, who subsequently filed two "*Turner/Finley* no-merit" letters.[2]  *Id.*  The court dismissed this second PCRA petition as untimely in 2016, and a year later, the Pennsylvania Superior Court affirmed the dismissal.  CCP Docket; *Royster*, 2017 WL 4150580, at *1-2.  The Superior Court specifically explained that the newly discovered evidence about Mr. Royster's trial counsel did not excuse the petition's untimeliness.  *Royster*, 2017 WL 4150580, at *3 ("[Mr. Royster's ineffectiveness claim] is not dependent upon any subsequent medical diagnosis affecting trial counsel about which [Mr. Royster] may have read in 2014, as [he] clearly would have been aware [of the alleged ineffectiveness] at trial in 2000.").

In 2019, Mr. Royster filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 in this Court.  Royster's Habeas Pet. (ECF 2).  His petition cited numerous claims of ineffective assistance by his trial counsel, which Mr. Royster says were the result of his trial counsel's mental illness.  *Id.*  Mr. Royster again pointed to newly discovered evidence to support his claim, this time

---

[2] A *Turner/Finley* no-merit brief or letter is filed by counsel seeking to withdraw from representing a PCRA petitioner.  *See Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. Ct. 1988).

citing a 2014 order and opinion by the Disciplinary Board of the Pennsylvania Supreme Court, in which Mr. Royster's trial counsel was reprimanded for issues stemming from his undiagnosed mental illness.  *Id.*

In May 2020, Magistrate Judge Timothy R. Rice issued a report and recommendation to deny Mr. Royster's habeas petition because it was not filed within the one-year limitation period set by AEDPA.  *See generally* Mag. J. Rice's R. & R. (ECF 8); 28 U.S.C. § 2244(d)(1)(A).  He further found that the newly discovered "disciplinary evidence" about Mr. Royster's trial counsel did not warrant an alternative limitations period under § 2244(d)(1)(D).  Mag. J. Rice's R. & R. at 2-4.  Judge Rice specifically noted that he could "determine that Royster's habeas petition [was] untimely based on his petition, the exhibits, and the published state court dockets, papers, and opinions."  *Id.* at 1 n.1 (citing U.S. Courts, *R. Governing Sec. 2254 Cases* (2019) at 3 ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition.")).

In December 2022, the late Judge Edward G. Smith issued a detailed thirty-page memorandum and order adopting Judge Rice's report and recommendation and denying Mr. Royster's habeas petition.  J. Smith's Memo. & Order (ECF 18 & 19).  Judge Smith concurred that Mr. Royster's petition was untimely and separately explained that the newly discovered evidence about Mr. Royster's trial counsel did not alter the appropriate limitations period under AEDPA.  *See generally* J. Smith's Memo.

About a year later, on January 18, 2024, Mr. Royster filed the present motion seeking relief under Rule 60(b)(6).  Royster's Mot. (ECF 20).  Shortly after, this case was reassigned to me.

**II.     Standard of Review**

Federal Rule of Civil Procedure 60 allows a court to "relieve a party . . . from a final judgment, order, or proceeding" under certain circumstances.  Through the catch-all

provision in 60(b)(6), a court may grant relief from a final judgment or order for "any . . . reason" other than those listed elsewhere in the Rule.

The Third Circuit has held that "courts are to dispense their broad powers under 60(b)(6) only in 'extraordinary circumstances where, without such relief, an extreme and unexpected hardship would occur.'" *Cox v. Horn*, 757 F.3d 113, 120 (3d Cir. 2014) (quoting *Sawka v. Healtheast, Inc.*, 989 F.2d 138, 140 (3d Cir. 1993)). The Court must "employ[] a flexible, multifactor approach to Rule 60(b)(6) motions . . . that takes into account all the particulars of a movant's case." *Coltec Indus., Inc. v. Hobgood*, 280 F.3d 262, 274 (3d Cir. 2002). The fundamental point of 60(b) is that it provides "a grand reservoir of equitable power to do justice in a particular case," *Hall v. Cmty. Mental Health Ctr.*, 772 F.2d 42, 46 (3d Cir.1985) (quotations omitted), and "a district court must consider the full measure of any properly presented facts and circumstances attendant to the movant's request." *Cox*, 757 at 122.

### III. Discussion

Mr. Royster argues that "extraordinary circumstances" – in the form of newly discovered evidence and facts – warrant relief from Judge Smith's order dismissing his habeas claim as untimely. Royster's Mot. at 2. Mr. Royster again points to his discovery of the opinion and order by the Disciplinary Board of the Pennsylvania Supreme Court, which found that Mr. Royster's trial attorney "had been suffering from an undiagnosed mental illness for over 15 years that affected multiple clients." *Id*.

I conclude that Mr. Royster is not entitled to relief under Rule 60(b)(6). As both Judge Rice and Judge Smith discussed at length, the information Mr. Royster cites might explain *why* his trial counsel was ineffective, but it is not newly discovered evidence of the ineffectiveness itself. Stated differently, if Mr. Royster's counsel were ineffective in 2000, the basis for Mr. Royster's

4

habeas relief would have been no less apparent to him at that time, than when he learned about this disciplinary order over a decade later. It may have provided an explanation for counsel's conduct, but that conduct spoke for itself. Consequently, this information, even if newly discovered, cannot excuse the one-year statute of limitations imposed by AEDPA. As such, I must deny Mr. Royster's Rule 60(b) motion.

### A. *"True" Rule 60(b) Motion*

As a threshold matter, I must determine whether this is a "true 60(b) motion" or an attempt to circumvent AEDPA's bar on second or successive habeas petitions. *Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005) (citing 28 U.S.C. § 2244(b)(2)).[3] A Rule 60(b) motion is construed as a "second or successive habeas corpus application" when it "advances one or more 'claims'" that could have formed a basis for relief in the earlier habeas proceedings. *Gonzalez*, 545 U.S. at 530-32 (quoting § 2244(b)(1)-(2)). This is generally a "relatively simple" determination. *Id.* at 532. On the one hand, a motion impermissibly advances a claim when it "seeks to add a new ground for relief" or "attacks the federal court's previous resolution of a claim *on the merits*." *Id.* On the other hand, a motion does not advance a claim if it challenges "some defect in the integrity of the federal habeas proceedings." *Id.* This would include an argument "that a previous ruling which precluded a merits determination was in error – for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." *Id.* at 532 n.4.

Although it is not entirely clear, Mr. Royster's 60(b) motion appears to challenge Judge Smith's ruling that his habeas claim was precluded by AEDPA's one-year statute of limitations.

---

[3] This acknowledges the gatekeeping mechanism in 28 U.S.C. § 2244(b)(3)(A). Under that provision, an individual who previously challenged a judgment of a sentence through a federal habeas action cannot file a second or successive petition without first obtaining an order from the appropriate court of appeals authorizing the district court to consider the application. *See, e.g.*, *Magwood v. Patterson*, 561 U.S. 320, 330-31 (2010).

The motion is expressly "based upon the Court's decision refusing to acknowledge" his claim, and notes that "Rule 60(b) relief is available where habeas relief was denied on procedural grounds . . . [and Mr. Royster's] ineffectiveness claim[] was NOT decided on its merit." Royster's Mot. at 3, 5. I therefore accept that Mr. Royster's 60(b) motion is not a second or successive petition in so far as it attacks Judge Smith's dismissal of his habeas petition based on the statute of limitations. *See Akiens v. Wynder*, No. 06-5239, 2014 WL 1202746, at *2 (E.D. Pa. Mar. 24, 2014) (Restrepo, J.) ("To the extent that [petitioner's] Rule 60(b) motion challenges the application of the statute of limitations . . . , the motion attacks the manner in which his habeas petition was dismissed and may be treated as a motion under Rule 60(b)(6).").

### B. *Extraordinary Circumstances*

I must next consider whether "extraordinary circumstances" warrant relief from Judge Smith's order, "where, without such relief, an extreme and unexpected hardship would occur." *Cox v. Horn*, 757 F.3d 113, 120 (3d Cir. 2014) (citations omitted). Mr. Royster argues that such extraordinary circumstances exist here because he discovered new information related to his trial counsel's ineffective assistance. As described above, he cites the 2014 order and opinion issued by the Disciplinary Board of the Pennsylvania Supreme Court, describing "multiple infractions" by Mr. Royster's trial counsel. Royster's Mot. at 4. According to Mr. Royster, these infractions – stemming from the trial counsel's untreated mental illness – negatively affected "a litany of his clients in criminal cases . . since 1988[,] which so happens to coincide with the time that trial counsel represented the petitioner at his 1999 criminal trial . . . ." *Id.*[4]

As also noted above, Mr. Royster previously cited this disciplinary action in objecting to Judge Rice's report and recommendation to dismiss his habeas claims as untimely. Consequently,

---

[4] The Order and Opinion are publicly available at
https://www.pacourts.us/assets/opinions/DisciplinaryBoard/out/180DB2011-Bruno.pdf.

before adopting the report and recommendation, Judge Smith carefully considered the impact of this disciplinary action, if any, on the timeliness of Mr. Royster's ineffective assistance claim. In his lengthy memorandum, Judge Smith found that AEDPA's one-year statute of limitations began to run for Mr. Royster's claim when his judgment of sentence became final on April 3, 2006. J. Smith's Memo. at 10 (citing Mag. J. Rice's R. & R. at 2; 28 U.S.C. § 2244(d)(1)(a)). He then found that although the Disciplinary Board's action was "new" information to Mr. Royster, the information was not "vital" to Mr. Royster's ability to present his ineffective assistance claim. *Id.* at 15-16 (citing *Schlueter v. Varner*, 384 F.3d 69, 74 (3d Cir. 2004)). As a result, Mr. Royster was not entitled to an alternate statute of limitations period under 28 U.S.C. § 2244(d)(1)(D), meaning the one-year statute of limitations had long passed by the time he filed his habeas petition in 2019. In the words of Judge Smith:

> Royster's discovery of the disciplinary proceedings against his trial counsel and the information contained in the opinion and order relating to the discipline is 'new' information . . . . Nonetheless, this 'new' information is not the factual predicate of the ineffective assistance of counsel claims Royster is attempting to assert in his habeas petition. In other words, neither trial counsel's mental health diagnosis nor the information about this diagnosis referenced in the opinion resolving trial counsel's disciplinary proceedings are the 'vital facts' forming the basis of Royster's ineffective assistance of counsel claims against his trial counsel . . . . Evidence relating to trial counsel having an undiagnosed mental illness at the time might explain why trial counsel did not sufficiently communicate with Royster, but would be irrelevant to whether trial counsel's performance was deficient or, if counsel's performance was deficient, whether Royster suffered prejudice due to the deficient performance.
>
> The remainder of Royster's claims regarding trial counsel's alleged ineffectiveness all involve 'vital facts' that Royster would have known before or during the trial . . . . Royster did not need to know about trial counsel's mental health issues to raise any of these claims in a prior habeas petition or in a PCRA petition. He had all the factual information he needed by the time his trial concluded. In addition, trial counsel's then-undiagnosed mental health issues would not have made it more or less likely that any court would find trial counsel ineffective in Royster's case.

*Id.* at 17-18.

Mr. Royster's 60(b) motion does not challenge Judge Smith's analysis or argue for a different limitations period, and I see no basis to differ from Judge Smith's conclusion that the one-year AEDPA statute of limitations both applied and expired before Mr. Royster filed his petition. Going further, the motion seems to contend that equitable tolling should have applied to Mr. Royster under a "miscarriage of justice exception." Royster's Mot. at 5. Judge Smith's memorandum addressed this argument in depth as well, ultimately concluding that equitable tolling was unavailable to Mr. Royster under this or any other exception to AEDPA:

> In this case, Royster is not entitled to equitable tolling. Even presuming that Royster has been diligently pursuing his rights, he has not shown that any extraordinary circumstances stood in his way of timely filing this habeas petition. Royster does not state either in his petition or in his objections how he was prevented from filing a timely habeas petition. None of the conduct which he discusses prior to him learning about trial counsel's mental health issues and disciplinary proceedings in December 2014, such as issues with PCRA counsel . . . or the delay in his discovery of the denial of his first PCRA petition, are relevant to what occurred after December 2014. The only possible ground that Royster asserted that could possibly apply to this period is his own mental health issues, and that ground would not warrant equitable tolling in this case. [Applying the factors for equitable tolling based on mental impairments in *Champney v. Sec'y of Pa. Dep't of Corrs.*, 469 F. App'x 113, 117 (3d Cir. 2012)], Royster is not entitled to equitable tolling due to any mental health issues.
> . . . .
> Since Royster does not appear to assert any other ground that would support equitable tolling during the section 2244(d)(1)(D) limitations period, the only way that he can save the untimeliness of his petition is if he can meet the fundamental-miscarriage-of-justice exception. "To invoke [this] exception to AEDPA's statute of limitations, . . . a petition 'must show that it is more likely than not that no reasonable juror would have convicted him in . . . light of the new evidence.'" *McQuiggin v. Perkins*, 569 U.S. 383, 398 (2013) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). In essence, this means that the petitioner "must demonstrate that he is actually innocent of the crime . . . by presenting new evidence of innocence." *Cristin v. Brennan*, 281 F.3d 404, 412 (3d Cir. 2002). Royster has failed to meet this standard.
>
> As Judge Rice noted in his report, Royster had failed "to present any new evidence to show it is 'more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt.'" R. & R. at 7 (quoting *Schlup*, 513 U.S. at 324, 327). Judge Rice properly explained that Royster's arguments about a diminished capacity defense would not satisfy this standard because such a successful defense

8

> 'establishes only legal, not factual innocence,' *id.* (citing *Sweger v. Chesney*, 294 F.3d 506, 523 (3d Cir. 2002)), and 'actual innocence means factual innocence, not mere legal insufficiency.' *Id.* (quoting *Bousely v. United States*, 523 U.S. 614, 623 (1998)). Accordingly, Royster has not shown that he is entitled to the fundamental miscarriage of justice exception to the section 2244(d)(1)(D) limitation period.

J. Smith's Memo. at 24-27.

Once again, I see no basis on which to differ from Judge Smith's analysis. Mr. Royster believes that his trial attorney failed to properly present a diminished capacity defense on his behalf. But as Judge Smith explained, under binding precedent, this theory would not afford relief to Mr. Royster under the miscarriage of justice exception, because "the fundamental miscarriage of justice exception applies only in cases of actual innocence." *Coleman v. Greene*, 845 F.3d 73, 77 (3d Cir. 2017) (citing *McQuiggin v. Perkins*, 569 U.S. 383, 386-87 (2013)). Alternatively, Mr. Royster attempts to couch his diminished capacity claim as one of actual innocence: "[The newly discovered information creates] a persuasive showing that the petitioner is actual[ly] innocent or at least factual[ly] innocent of first-degree murder based upon the petitioner's own history of mental health problems that could diminish criminal culpability." Royster's Mot. at 6. But information about a trial attorney's mental illness does not bear on a petitioner's level of criminal culpability, and Mr. Royster's 60(b) motion itself concedes that he "shot two men" just as the jury found. *Id.* at 1. Mr. Royster cannot satisfy *McQuiggin*'s requirement that "no reasonable juror would have convicted him." 569 U.S. at 394.

I find no extraordinary circumstances that would warrant relief from Judge Smith's well-reasoned memorandum and order adopting Judge Rice's recommendation. I will therefore deny Mr. Royster's Rule 60(b) motion.

## IV.     Conclusion

For the reasons set forth above, Mr. Royster's motion for relief under Rule 60(b)(6) will be denied.

/s/ Gerald Austin McHugh<br>
United States District Judge